

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,452-03

### EX PARTE JAMES MICHAEL FIELDS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. B17234-0705-W3 IN THE 242ND DISTRICT COURT FROM HALE COUNTY

*Per curiam*. YEARY, J. filed a concurring opinion joined by KELLER, P.J. and SLAUGHTER, J.

### O R D E R

Applicant was convicted of aggravated sexual assault of a child and was sentenced to sixty years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Fields v. State*, No. 07-08-0454-CR (Tex. App.—Amarillo Feb. 25, 2010) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for various reasons. Applicant also contends that he is actually innocent due to new scientific evidence. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). Accordingly, the record should be developed.

The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also making findings of fact and conclusions of law as to whether Applicant has established that he is actually innocent. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 28, 2022
Do not publish